IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANNE MARIE B. COYLE**, <br><br> Plaintiff, <br><br> v. <br><br> **CHARLES TALBERT,** <br><br> Defendant. | **CRIMINAL ACTION** <br><br><br> **NO. 20-CR-195-KSM** |

## MEMORANDUM

**MARSTON, J.**                                                                                                         **July 13, 2020**

Presently before the Court is Charles Talbert's *pro se* Notice of Removal from State Court. (Doc. No. 1.) For the reasons that follow, the Court will remand this case to the Philadelphia County Court of Common Pleas.

I.

A review of Talbert's Notice of Removal and the publicly available state court dockets[1] show that the underlying cases Talbert seeks to remove are criminal actions against him by the Commonwealth of Pennsylvania. *See Commonwealth v. Talbert*, C.P. Phila., No. CP-51-CR-2223-2019 ("*Talbert I*"); *Commonwealth v. Talbert*, C.P. Phila., No. CP-51-CR-2622-2019 ("*Talbert II*").

According to the docket, in *Talbert I*, Talbert was charged with the following counts: robbery in violation of 18 Pa. C.S.A. § 3701; theft by unlawful taking of movable property in violation of 18 Pa. C.S.A. § 3921; receiving stolen property in violation of 18 Pa. C.S.A. § 3925;

---

[1] "Because the criminal docket is a matter of public record, the Court may take judicial notice of the docket sheet[s] in the underlying case[s]." *Freeman v. Green*, Civil Action No. 20-CV-400, 2020 WL 673297, at *1 n.4 (E.D. Pa. Feb. 11, 2020).

possession of instrument of crime with intent in violation of 18 Pa. C.S.A. § 907; and terroristic threats with intent to terrorize another in violation of 18 Pa. C.S.A. § 2706.

The docket shows that Talbert was charged with similar counts in *Talbert II*: robbery in violation of 18 Pa. C.S.A. § 3701; criminal attempt of theft by unlawful taking of movable property in violation of 18 Pa. C.S.A. § 3921; criminal attempt of receiving stolen property in violation of 18 Pa. C.S.A. § 3925; possession of instrument of crime with intent in violation of 18 Pa. C.S.A. § 907; and terroristic threats with intent to terrorize another in violation of 18 Pa. C.S.A. § 2706.

Talbert was formally arraigned in front of Trial Commissioner Linda Mariani on April 11, 2019 in *Talbert I*. Two weeks later, on April 25, 2019, he was formally arraigned by Judge Vincent Petri in *Talbert II*. Both criminal actions are still pending, with trial scheduled for August 17, 2020 before Judge Anne Marie Coyle.

On June 15, 2020, Talbert filed a Notice of Removal with this Court, seeking "to remove the State prosecution, to which he is charged of committing two (2) bank robberies in Philadelphia, Pennsylvania" pursuant to 28 U.S.C. § 1443. (Doc. No. 1 at p. 1.) Talbert argues that removal is proper because Talbert alleges that the Federal Bureau of Investigations (FBI) found that there was no probable cause to prosecute him for the robberies. (*Id.*) Talbert also believes and avers that the prosecution against him is "malicious, corrupt, and in retaliation of prior civil litigation." (*Id.*)

II.

Under 28 U.S.C. § 1443, a defendant may remove state criminal prosecutions to federal court in two situations:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the

>United States, or of all persons within the jurisdiction thereof;
>
>(2)   For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443; *see also Pennsylvania v. Anushiem*, Criminal Action No. 20-151, 2020 WL 3469042, at *1 (E.D. Pa. June 25, 2020). "The removal permitted by 28 U.S.C. § 1443 is narrow." *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016).

28 U.S.C. § 1455 governs the procedure for removal of state court criminal prosecutions. Under 28 U.S.C. § 1455(b)(1), the notice of removal must be filed "not later than 30 days after the arraignment in the State Court, or at any time before trial, whichever is earlier," unless the defendant shows good cause for failing to file within the allotted time frame. 28 U.S.C. § 1455(b)(1); *see also Anushiem*, 2020 WL 3469042, at *1; *Smith*, 2020 WL 67017, at *4. If the district court determines that removal is not permitted, it must remand the action. 28 U.S.C. § 1455(b)(4); *see also Freeman*, 2020 WL 673297, at *2.

III.

As noted above, Talbert was formally arraigned on April 11, 2019 and April 25, 2019 in his respective state criminal prosecutions. Talbert did not file his notice of removal until June 15, 2020, over one year later. Because Talbert did not file his notice of removal within thirty days after he was arraigned, nor did he allege that there was good cause to excuse him from the requirement, Talbert's request for removal is untimely. Accordingly, we deny his request for removal. *See Anushiem*, 2020 WL 3469042, at *2 (denying request for removal where the notice of removal was untimely); *Smith*, 2020 WL 67017, at *4 (same); *Freeman*, 2020 WL 673297, at *2 (same); *Pennsylvania v. Tejada*, Case No. 1:19-cv-142, 2019 WL 2997015, at *1 (W.D. Pa. June 7, 2019) (same).

Even if Talbert's notice of removal was timely filed, he has not satisfied the substantive

statutory requirements for removal under 28 U.S.C. § 1443.[2] Talbert has not shown that he was denied a specific federal right designed to promote racial equality or that the right cannot be enforced in state court. *See Brown-Bey*, 637 F. App'x at 688 ("[A] defendant seeking to remove a case under § 1443(1) must demonstrate that the rights claimed arise under a provision of the Constitution or federal law specifically designed to promote racial equality, and must also specifically allege that he has been denied or cannot enforce in the state court the right that was created by the civil rights law under which he seeks protection."); *Smith*, 2020 WL 67017, at *4 (holding that the defendant did not meet the requirement of § 1443(1) where she did "not allege that she was being denied a right arising under a federal law providing for specific civil rights stated in terms of racial equality," nor did she show that state courts could not enforce her rights); *Freeman*, 2020 WL 673297, at *3 (holding that removal was improper and remanding the action where the petitioner "failed to timely demonstrate in the statutorily prescribed manner that she has been denied a specific, race-based federal right that cannot be enforced in the courts of the Commonwealth of Pennsylvania"). "A claim by a removal petitioner that he will be denied due process of law because . . . the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443[1]." *Anushiem*, 2020 WL 3469042, at *2 (internal quotation marks and citations omitted); *see also Brown-Bey*, 637 F. App'x at 688 ("The allegation of illegal or corrupt acts of individual state officials that

---

[2] Further, we note that Talbert did not comply with procedural requirements under 28 U.S.C. § 1455(a), which provides that a notice of removal shall "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." Talbert did not provide a copy of any of those documents. *See Tejada*, 2019 WL 2997015, at *2 n.4 (noting that the defendant's notice of removal was "procedurally defective" because he failed to provide any of the documents required under § 1455(a)); *Freeman*, 2020 WL 673297, at *2 (noting that the petitioner failed to include, as required, "copies of all process, pleadings, and orders served upon her").

might be corrected by the state judiciary, or the mere possibility of an unfair trial in state court, will not justify removal to the federal court under § 1443(1)." (citation omitted)).

Additionally, this case is also not removable under § 1443(2) because Talbert is not a federal or state officer.  *See id.* at 689 (explaining that § 1443(2) "applies only to federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights; and state officers who refuse to do an act on the ground that it would be inconsistent with civil rights laws" (internal quotation marks and citations omitted)).

For the foregoing reasons, Talbert's petition for removal must be denied and this matter must be summarily remanded to the Court of Common Pleas of Philadelphia County for further proceedings.

An appropriate order follows.